IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD COTTON, AP-5702,         )
    Petitioner,                  )
                                 )
v.                               ) Civil Action No.  06-78
                                 )
Rozam,                           )
    Respondent.                  )

Report and Recommendation

Recommendation:

It is respectfully recommended that the petition of Richard Cotton for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied as the petition is time barred.

Report:

Richard Cotton has presented a petition for a writ of habeas corpus.

Cotton is presently incarcerated at the State Correctional Institution at Somerset serving a life sentence imposed following his conviction, by a jury, of robbery and homicide at Nos. CC8004497 and CC8004167 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 11, 1981. An appeal was taken to the Pennsylvania Superior Court which Court affirmed the judgment of sentence on February 10, 1984 at No. 8 Pittsburgh 1982. A petition for leave to appeal to the Pennsylvania Supreme Court was not filed.[1]

---

[1] Cotton sought to challenge this conviction in a petition filed in this Court at No. 97-
(continued...)

In the present petition, Cotton represents that he filed a "Motion for Immediate Release from Custody" in the Pennsylvania Superior Court on December 22, 2005 and that motion was denied on December 23, 2005.[2] Cotton also filed some other petition with the Health Department of Pennsylvania.[3] Apparently he did not seek any timely post-conviction relief since he fails to make such an allegation.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on February 10, 1984 and no further timely relief was sought.

---

[1](...continued)
765. That petition was dismissed for failure to exhaust state court remedies on May 13, 1997.

[2] Petition at ¶ 11(a) and attachment to the petition.

[3] Petition at ¶ 11(b).

The instant petition was executed on January 11, 2006, or far in excess of the one year period in which to seek relief expired, and the petition here is time barred. Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from seeking timely relief in the courts of the Commonwealth nor in this Court.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in <u>United States v. Bendolph</u>, 409 F.3d 155 (3d.Cir.2005).

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                                  Respectfully submitted,

                                                                  s/Robert C. Mitchell,

Dated: January 19, 2006                                  United States Magistrate Judge